# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### DECEMBER 5, 2000 Session

## BILLY CROWE, ET AL. v. MAURY COUNTY, TN, ET AL.

**Direct Appeal from the Circuit Court for Maury County**
**No. 6282; The Honorable Robert L. Holloway, Judge**

─────────────

**No. M1999-02377-COA-R3-CV - Filed April 26, 2001**

─────────────

This appeal arises from the purchase of part of the Appellees' property by the Appellant. The Appellees filed a complaint against the Appellant in the Circuit Court of Maury County, alleging trespass, material misrepresentation of fact or mutual mistake of fact, inverse condemnation, and unauthorized use of property. The Appellant filed a motion to dismiss. The trial court granted the motion on all counts but the inverse condemnation claim. Following a jury trial on the inverse condemnation claim, the jury found in favor of the Appellees in the amount of $12,000.00. The Appellees filed a motion for attorney's fees with the trial court, seeking $29,116.29. The trial court awarded the full amount of attorney's fees requested.

The Appellant appeals the award of attorney's fees by the Circuit Court of Maury County. For the reasons stated herein, we remand this case for further findings of fact.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Paul G. Summers, Attorney General and Reporter, Phyllis A. Childs, Assistant Attorney General, Nashville, for Appellant

Thomas H. Peebles, IV, Columbia, for Appellees

## OPINION

### I.  Facts and Procedural History

The Appellees, Billy Crowe and Bonnie Potts ("Mr. Crowe" and "Ms. Potts"), own a franchise of Century 21 Realty, which is located on the corner of the intersection of U.S. Highway 31 and 8th Avenue in Maury County, Tennessee.  On or about September 16, 1992, the State of

Tennessee Department of Transportation, on behalf of the Appellant, Maury County, initiated negotiations with Mr. Crowe and Ms. Potts for the acquisition of a portion of their property and construction easements for a state project reconfiguring the intersection of U.S. Highway 31, Theta Pike, and 8th Avenue. Mr. Crowe and Ms. Potts claim that the negotiators for the State of Tennessee told them that a concrete wall would run along the edge of 8th Avenue which would be approximately six inches higher than the then-existing wall. Mr. Crowe and Ms. Potts also claim that the negotiators told them that their driveway would have to be moved from its entrance onto 8th Avenue to a new entrance on U.S. Highway 31; however, an opening in the median in front of their new driveway would allow full ingress and egress to and from their business from any direction.

Mr. Crowe and Ms. Potts agreed to sell three portions of their property for the total sum of $11,150.00. On February 2, 1994, Mr. Crowe and Ms. Potts executed a warranty deed to the City of Columbia. Mr. Crowe and Ms. Potts allege that they realized upon commencement of the project that the negotiators for the State of Tennessee had made material misrepresentations to them. Mr. Crowe and Ms. Potts claim that the new concrete wall along the edge of 8th Avenue was approximately five and one-half feet taller than the old wall, which obstructed their building, cut off ingress and egress from 8th Avenue to their building, and changed the street address of Century 21 Realty. Mr. Crowe and Ms. Potts also contend that no cut in the median in front of their new driveway was provided, which severely affected ingress and egress to their property.

On September 26, 1994, Mr. Crowe and Ms. Potts filed a complaint against Maury County and the City of Columbia in the Circuit Court of Maury County, alleging trespass, material misrepresentation of fact or mutual mistake of fact, inverse condemnation pursuant to section 29-16-123 of the Tennessee Code, and unauthorized use of property. Maury County and the City of Columbia filed its answer on May 31, 1995. Maury County and the City of Columbia made an offer of settlement to Mr. Crowe and Ms. Potts in the amount of $33,450.00. On February 6, 1998, Mr. Crowe and Ms. Potts rejected this offer but counter-offered in the amount of $63,000.00. Maury County and the City of Columbia rejected the counter-offer. On July 6, 1998, Maury County and the City of Columbia filed a motion for summary judgment. There is no order in the record reflecting the trial court's ruling on the motion for summary judgment. On August 18, 1999, Maury County and the City of Columbia filed a motion to dismiss. The trial court granted the motion on all counts but the inverse condemnation claim. The trial court also ordered that the City of Columbia be dismissed without prejudice on a voluntary non-suit.

The inverse condemnation claim was tried on September 1 and 2, 1999, before a jury. The jury returned a verdict in favor of Mr. Crowe and Ms. Potts for $12,000.00 as just compensation for damages suffered by them to their remaining property as a result of the taking by Maury County. Mr. Crowe and Ms. Potts' attorney filed a motion for additur pursuant to section 20-10-101 of the Tennessee Code and a motion for attorney's fees pursuant to section 29-16-123 of the Tennessee Code and/or Rule 54.04 of the Tennessee Rules of Civil Procedure. Mr. Crowe and Ms. Potts' attorney, Thomas Peebles ("Mr. Peebles"), submitted an affidavit stating that the total fees and expenses charged to or paid by his clients were $29,116.29. The trial court heard the motions on November 19, 1999. On November 29, 1999, the trial court entered an order denying the motion

for additur and awarding attorney's fees, costs, and expenses in the amount of $29,116.29.  This appeal followed.

## II.  Law and Analysis

The sole issue presented for our review is whether the trial court's award of attorney's fees in the amount of $29,116.29 was a reasonable attorney's fee pursuant to section 29-16-123 of the Tennessee Code.  Section 29-16-123(b) states that

> the court rendering a judgment for the plaintiff in a proceeding brought under subsection (a) of this section, . . . shall determine and award or allow to such plaintiff, as a part of such judgment or settlement such sum as will in the opinion of the court, . . . reimburse such plaintiff for his reasonable costs, disbursements and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

TENN. CODE ANN. § 29-16-123(b) (2000).

Clearly, section 29-16-123(b) requires as a condition precedent to an award of attorney's fees that the plaintiff be successful in obtaining a judgment under the provisions of section 29-16-123(a), which encompass a claim for inverse condemnation.  In the case at bar, Mr. Crowe and Ms. Potts were successful in obtaining a judgment under section 29-16-123(a).  Thus, they were entitled to recover reasonable attorney's fees incurred as a result of the inverse condemnation claim.

Mr. Crowe and Ms. Potts requested and were awarded attorney's fees in the amount of $29,116.29.  Their attorney, Mr. Peebles, submitted an affidavit to the trial court stating that the total fees and expenses charged to or paid by Mr. Crowe and Ms. Potts was $29,116.29.  The affidavit was supported by time records that included all work performed during Mr. Peebles' representation of Mr. Crowe and Ms. Potts.  Therefore, the requested attorney's fees included work performed on the claims of trespass, material misrepresentation of fact or mutual mistake of fact, and unauthorized use of property prior to Maury County and the City of Columbia's motion to dismiss.  Mr. Crowe and Ms. Potts were only entitled to an award of attorney's fees pursuant to section 29-16-123(b) incurred as a result of the inverse condemnation claim.  Thus, it was error for the trial court to make an award of attorney's fees for work performed on claims other than inverse condemnation.  The trial court should have limited the amount of attorney's fees to the actual time spent working on the inverse condemnation claim.  The record prevents us from conducting an independent review to ascertain the proper amount of attorney's fees due under the inverse condemnation claim.  Accordingly, this issue must be remanded for further fact finding.

## III.  Conclusion

-3-

For the foregoing reasons, the judgment of the trial court awarding attorney's fees in the amount of $29,116.29 is vacated and the matter is remanded for further findings of fact. Costs of this appeal are taxed equally between the Appellant, Maury County, Tennessee, and the Appellees, Billy Crowe and Bonnie Potts both individually and d/b/a Century 21 Realty, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE